IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 2996 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JULIE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff United States of America brought a complaint against defendant Julie Harris

under the False Claims Act, 31 U.S.C. § 3729 et seq. On July 12, 2006, defendant was indicted

on four counts of making false statement to a government agency in violation of 18 U.S.C. §

1001(a)(2). Defendant pled guilty pursuant to a plea agreement to count one of the indictment.

She was sentenced to a five year term of probation and ordered to pay restitution in the amount

of $32,272 to the United States Department of Housing and Urban Development. Plaintiff has

now moved for judgment on the pleadings against defendant Harris. That motion is granted.

Under 31 U.S.C. § 3731(d) of the False Claims Act, defendant is estopped from denying

the essential elements of the offense of which she was convicted in a criminal proceeding. Both

the instant civil complaint and count one of the indictment allege that defendant knowingly

submitted a false statement on or about October 8, 2001, when she failed to report her income on

an Application for Continued Occupancy Form. Further, the civil complaint alleges additional

false statements in 2003 and 2004, and in her criminal plea agreement[1] defendant admitted that she provided false income information by failing to report her income on additional Applications for Continued Occupancy dated September 13, 2002, September 15, 2003, and September 23, 2004.[2]

In her response, defendant argues that by pleading guilty to count one only, she pled guilty only to the material facts alleged in the indictment on that single count. She further claims that, as a result, plaintiff must now establish by a preponderance of the evidence all of the other false claims not encompassed by the criminal conviction. In her plea agreement, however, which was filed and made part of the criminal case, defendant admitted under oath to making additional false statements on September 13, 2002, September 15, 2003, and September 23, 2004, and is therefore estopped from contradicting any of them in the instant case. The plea agreement is a judicial admission, and unless defendant is suggesting that she lied in her plea (which she is not), the admission compels entry of judgment in the instant case.

Under the False Claims Act, a person found to have violated the Act "is liable to the United States government for a civil penalty of not less than [$5,500] and not more than [$11,000], plus three times the amount of damages which the government sustains because of the

_____

[1]Plaintiff has asked the court to take judicial notice of the conviction and plea agreement in the criminal case. See Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994) (court may take judicial notice of matters of public record without converting the motion into a motion for summary judgment). Defendant has not objected to this request and has also referred to the plea agreement in her response.

[2]The civil complaint actually alleges that the false statements were dated September 13, 2003 and August 23, 2004. Defendant argues that the discrepancy between the dates alleged in the civil complaint and the admissions in the plea agreement requires denial of the motion. Defendant is incorrect. The complaint alleges "on or about" those dates, and in any event could, as plaintiff argues, be re-pled to conform to the proper dates.

act of that person…." 31 U.S.C. § 3729.  Accordingly, the United States' motion for judgment

on the pleadings in granted.  Judgment is entered in the amount of three times the criminal

restitution award of $32,272 or $96,816, plus the minimum penalty of $5,500 for each of the four

false Application for Continued Occupancy Forms she admitted submitting in her plea

agreement, or $22,000, for a total of $118,816.


**ENTER:**       **January 31, 2008**


**Robert W. Gettleman**
**United States District Judge**